1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

WALTER SAYLES,

Petitioner,

v.

ALAMEDA COUNTY SUPERIOR
COURT,

Respondent.

Case No. 21-cv-08243-VKD

**ORDER OF REASSIGNMENT TO A
DISTRICT JUDGE**

On October 22, 2021, Walter Sayles, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming he is eligible for a youth offender parole hearing and that his sentence is unconstitutional.  Dkt. No. 1 at 3, 4.  He later filed a motion for leave to proceed *in forma pauperis* ("IFP").  Dkt. No. 4.  Mr. Sayles was convicted and sentenced in Alameda County Superior Court, and he is currently confined in San Luis Obispo, in the Central District of California.

On February 25, 2022, the Court transferred the matter to the Central District pursuant to Habeas L.R. 2254-3(b)(2).  Dkt. No. 8.  On March 3, 2022, the Central District transferred the matter back to this Court, observing that the petition requests, among other things, that the Alameda County Superior Court hold a "baseline hearing" to allow Mr. Sayles to make a record of the factors that bear on whether he is entitled to parole based on his age.  *See* Dkt. No. 11.  The Central District concluded that the Northern District should consider his petition.  *Id.*  This Court concurs.

It appears from the face of the petition that Mr. Sayles did not exhaust his state judicial remedies with respect to any of the claims presented before filing this action.  He indicates that he

presented his claims to the Alameda County Superior Court, but not to California Supreme Court. Dkt. No. 1 at 5.  Before he may challenge either the fact or length of his confinement in a habeas petition in this Court, Mr. Sayles must have presented to the California Supreme Court any claims he wishes to raise in this court.  *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted).  He did not.  If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition.  *See Rose*, 455 U.S. at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).  The dismissal should be without prejudice to Mr. Sayles refiling once he has exhausted state judicial remedies, *i.e.*, the state supreme court issues a decision denying relief.

All named parties, including unserved defendants, must consent to magistrate judge jurisdiction before a magistrate judge may hear and decide a case.  *See* 28 U.S.C. § 636(c)(1); *Williams v. King*, 875 F.3d 500, 501-04 (9th Cir. 2017) (magistrate judge lacked jurisdiction to dismiss case on initial review because unserved defendants had not consented to proceed before magistrate judge).  As it appears that this case requires a decision that disposes of the claims against some or all of the respondents at this time, and because not all parties have consented to magistrate judge jurisdiction, the matter must be reassigned to a district judge.

Accordingly, the Clerk shall reassign this case to a district judge pursuant to the Court's Assignment Plan.

**IT IS SO ORDERED.**

Dated: March 10, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge

2