UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER SAYLES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ALAMEDA COUNTY, SUPERIOR COURT,<br><br>　　　　　Respondent. | Case No. 21-cv-08243-JD<br><br>**ORDER RE DISMISSAL**<br><br>Re: Dkt. No. 6 |

Walter Sayles, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Alameda County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d).

## DISCUSSION

### STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

Petitioner challenges his 2012 conviction where he pled guilty to four counts of second-degree robbery. However, he has only filed a habeas petition in the state superior court. Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). Before he may proceed with this case, petitioner must fully exhaust his claims in state court.

**CONCLUSION**

1. The motion to proceed in forma pauperis (Dkt. No. 6) is **GRANTED**. This action is **DISMISSED** without prejudice. Petitioner may refile this case once he has fully exhausted his claims. A certificate of appealability is **DENIED**.

2. The Clerk is requested to close this case.

**IT IS SO ORDERED.**

Dated: March 21, 2022

_____
JAMES DONATO
United States District Judge